966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. STANDRING, Plaintiff-Appellant,
v.
Ralph A. McALLISTER, Defendant-Appellee.
 No. 92-3164.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1992.
 
 Before KEITH and RYAN, Circuit Judge, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Standring appeals the district court's judgment dismissing his case and granting the defendant's motion for Fed.R.Civ.P. 11 sanctions in this 42 U.S.C. § 1983 private civil rights case. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Standring filed a complaint against a Cuyahoga County Common Pleas Judge, Ralph McAllister. Standring alleged that his constitutional rights were violated during a civil action styled Xerox Corp v. Standring, Case No. 186651, filed in the Cuyahoga Court of Common Pleas. Judge McAllister presided over that civil action in which Standring was the defendant. Specifically, Standring alleged that during the course of proceedings in the Xerox case, Judge McAllister denied various discovery motions, secretly advanced the trial date without giving written notice and timely journal entry, deprived Standring of the right to trial by jury, excluded material evidence during the trial and also made prejudicial remarks, coached witnesses to give false testimony, conspired with defense counsel, made false entries upon the court's docket, and excluded expert testimony. Standring also alleged that Judge McAllister violated Ohio Rev.Code § 2921.45(A). He requested $250,000 in damages, plus costs and a public apology.
 
 
 3
 Upon review of the magistrate judge's report and recommendation, the district court granted the defendant's motion to dismiss, and granted sanctions against Standring. See Fed.R.Civ.P. 11; Fed.R.Civ.P. 33; Stump v. Sparkman, 435 U.S. 349, 355-57 (1978).
 
 
 4
 On appeal, Standring argues that the district court failed to consider his constitutional claims and the underlying facts.
 
 
 5
 As an initial matter, Standring did not challenge the award of sanctions against him on appeal. This claim is thus considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon consideration, we affirm the district court's judgment for the reasons stated in the magistrate judge's July 22, 1991, Report and Recommendation as adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.